UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CAROLYN BETTON, et. al. )
)
    Plaintiffs, )
)
vs. )
) Cause No. 4:05CV1455(JCH)
ST. LOUIS COUNTY, MISSOURI, )
)
    Defendant. )

### DECLARATION IN SUPPORT OF APPLICATION FOR ATTORNEY'S FEES
### RUFUS J. TATE, JR.

Rufus J. Tate, Jr., states as follows:

1) I am a graduate of each Phillips Academy (Andover, MA), Brown University (Providence, RI), and Washington University School of Law (St. Louis, MO). I also hold a certificate from the Summer Venture in Management program sponsored by the Harvard University School of Business;

2) I am a self-employed attorney and practice as the Tate Law Firm, LLC. I employ one full-time legal assistant;

3) Since 1995, in various capacities, I have been engaged in civil rights litigation as part of my professional development.

    a. The Hon. Richard B. Teitelman of the Missouri Supreme Court who was then serving as the executive director of Legal Services of Eastern Missouri (LSEM) hired me to serve as an attorney in the Special Projects Unit under the direction of Jeannie Phillips-Roth. Each of my clients was HIV-positive; and required special attention related to matters involving Missouri's confidentiality laws, employment, housing, medical, and estate planning. One of my cases resulted in a § 1983 action challenging a school

1


EXHIBIT 4

district's refusal to accept a child into one of its elementary schools following his parents' disclosure to the district superintendant of the child's HIV-positive status;

b. The Hon. Dee Joyce Hayes hired me as an Assistant Circuit Attorney in the Office of the Circuit Attorney. In that capacity alone, I served as lead trial counsel in more than 55 jury trials. I obtained guilty verdicts in 85% of those cases;

c. I served as General Counsel to the Hon. Kathy Surratt-States of the United States Bankruptcy Court, Eastern District of Missouri, while she was then serving as a member of the Board of Election Commissioners for the City of St. Louis. In that capacity, we faced a particular challenge by the United States Department of Justice about the poor conduct of the presidential election cycle in November, 2000. We fundamentally changed the way that elections are conducted in the City of St. Louis; and successfully negotiated a consent decree before Judge Carol E. Jackson of the United States District Court, Eastern District of Missouri;

d. I served as City attorney for both cities of Beverly Hills and Wellston. In that capacity, we faced several employment litigation challenges which required legal counsel. There, we faced several allegations of violations of civil rights;

4) I am licensed to practice law in the state courts of Missouri and Illinois. I am also licensed before the United States District Courts in the Eastern and Western Districts of Missouri;

5) I have tried at least 65 jury trials to conclusion;

6) I have argued cases before the Missouri Court of Appeals on at least 10 occasions;

7) I regularly bill $300 an hour;

8) I commenced my representation in this case because Missouri State Representative Donald Calloway, Jr., approached me in late February 2009 about this matter because he was familiar

with my civil rights practice. Although licensed to practice law in Missouri, Representative Calloway declined to undertake representation of the plaintiffs. I conducted a thorough preliminary review of the procedural posture and prior discovery in the matter. Although it was clear to me that plaintiffs were guaranteed a jury trial following the remand from the 8th Circuit, I also recognized the concerns expressed by the District Court in its adverse summary judgment. I consulted with Ferne Wolf, Esq., because I had previously collaborated with her on unrelated employment litigation matters. Because this case clearly involved a retaliation claim under the Missouri Human Rights Act (MHRA), I considered her to be the pre-eminent attorney in light of her landmark victory in *Hill v. Ford Motor Co.*, 277 S.W.3d 659 (Mo. banc 2009) (establishing the "contributing factor" standard in retaliation cases under the MHRA, and indirectly under MHRA cases tried in federal court). Our firms collaborated throughout the proceedings;

9) Prior to trial, plaintiffs attempted to settle the matter in good faith. Plaintiffs also agreed to mediation;

10) I am seeking $30,810 for attorney's fees. I have attached a detailed billing summary for the Court's review. My proposed billing rates are reasonable because (i) trial lawyers in major law firms with less than one-fifth of my trial experience bill more than I at $350-$400 per hour, (ii) attorneys who specialize in § 1983 litigation typically obtain rates of $300 an hour in the St. Louis metropolitan area. I have reviewed my records and attempted to eliminate any redundancies or inefficiencies in the division of labor. After the initial meetings with the plaintiffs and co-counsel to learn the underlying facts and develop strategy, my primary responsibility throughout this representation was to serve as liaison between plaintiffs and the lead trial attorney and to monitor any relevant changes in national case law. I also prepared to

examine or cross-examine most of the witnesses, plaintiff or defendant.

I declare under penalty of perjury the foregoing is true and correct.

Executed on: March 18, 2010

Rufus J. Tate, Jr.

Before me appeared Rufus J. Tate, Jr., who executed the foregoing declaration as an act of his own free will.

Crystal Collie, Notary Public

My Commission Expires:

CRYSTAL N COLLIE
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: February 28, 2012
Commission Number: 08491438

4

| Date | Activity | Time Spent | Charge | |
|---|---|---|---|---|
| 3/13/2009 | Meeting with Rep. Don Calloway re: taking over *Betton* plaintiffs' civil rights case; advise of upcoming 2/23/09 status conference with Judge Hamilton | 0.75 | | N/C |
| 3/13/2009 | Compare & contrast trial court summary judgment opinion with 8th Circuit opinion; review complaint and answer; partial review of discovery documents | 4.00 | $ | 1,200.00 |
| 3/14/2009 | Review original Case Management Order (CMO); review discovery documents | 3.50 | $ | 1,050.00 |
| 3/16/2009 | Separate telephone interviews of each plaintiff; legal research re: retaliation cases | 4.00 | $ | 1,200.00 |
| 3/17/2009 | Consult with Fern Wolf, preliminary document review; set appointment with each plaintiff for March 19th | 1.00 | $ | 300.00 |
| 3/19/2009 | Office meeting with plaintiffs and Fern Wolf, Esq. (FW) at Tate Law office; execute fee agreements | 1.00 | $ | 300.00 |
| 3/23/2009 | Debriefing re: in-chambers status conference | 0.20 | | N/C |
| 3/27/2009 | Telephone conference with FW; review summary judgment exhibits in light of missing/desired documents | 0.50 | $ | 150.00 |
| 3/31/2009 | Review Shuman update | 0.10 | | N/C |
| 5/1/2009 | Review amended CMO; calendar events | 0.20 | $ | 60.00 |
| 5/13/2009 | Plaintiffs' counsel conference re: document review and discovery strategy | 3.00 | $ | 900.00 |
| 5/14/2009 | Initiate telephone calls to each plaintiff regarding desired outcome and request for any supporting documentation; individual telephone conference with plaintiffs Betton, Durham, and Johnson | 1.20 | $ | 360.00 |
| 5/15/2009 | Individual telephone conference(s) with plaintiffs King and Howard | 0.30 | $ | 90.00 |
| 5/19/2009 | Review defense discovery request | 0.20 | $ | 60.00 |
| 6/5/2009 | Telephone conference with FW re: discovery, damages and mediation | 0.50 | $ | 150.00 |
| 9/16/2009 | Telephone conference with FW re: mediation outlook | 0.50 | $ | 150.00 |
| 10/12/2009 | Karen Leahy deposition debriefing with Eric Sowers (ES) | 0.50 | $ | 150.00 |
| 11/12/2009 | Mediation | 9.00 | $ | 2,700.00 |
| 1/25/2010 | Review final pre-trial strategy | 0.30 | $ | 90.00 |
| 1/27/2010 | Review court order and amendments to plaintiffs' trial strategy | 0.20 | $ | 60.00 |
| 2/19/2010 | Review plaintiffs' and defendant's pre-trial filings | 2.00 | $ | 300.00 |
| 2/20/2010 | Review depositions of Blunt, Sirjener, Farmer, Losing, Leahy, Suddarl, Peterson | 2.00 | $ | 600.00 |
| 2/23/2010 | Conference with ES and FW for trial prep without plaintiffs present | 4.50 | $ | 1,350.00 |
| 2/24/2010 | Conference with ES and plaintiff prep; information exchange | 4.00 | $ | 1,200.00 |
| 2/25/2010 | Conference with ES and plaintiff prep; information exchange | 2.50 | $ | 750.00 |
| 2/26/2010 | Conference with ES and FW; plaintiff prep; mock direct examination(s) | 2.00 | $ | 600.00 |
| 2/27/2010 | Mock cross-examination(s) | 5.00 | $ | 1,500.00 |
| 2/28/2010 | Mock cross-examination(s) | 5.00 | $ | 1,500.00 |
| 3/1/2010 | Trial; prep for day two | 8.00 | $ | 2,400.00 |
| 3/2/2010 | Trial; prep for day three | 4.00 | $ | 1,200.00 |
| 3/3/2010 | Trial; prep for day four | 6.00 | $ | 1,800.00 |
| 3/4/2010 | Trial; prep for day five | 6.00 | $ | 1,800.00 |
| 3/5/2010 | Trial; jury instruction conference; prep for day six | 7.00 | $ | 2,100.00 |
| 3/8/2010 | Trial; prep for day seven; discuss closing themes with ES and FW | 7.00 | $ | 2,100.00 |
| 3/9/2010 | Closing arguments; jury deliberations | 7.00 | $ | 2,100.00 |
| 3/16/2010 | Commence fee application following telephone conference with FW | 2.00 | $ | 600.00 |
| | Total Requested | 104.75 | $ | 30,810.00 |