UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN BETTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV1455(JCH) |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**SUGGESTIONS IN SUPPORT OF
MOTIONFOR INJUNCTIVE RELIEF**

The Missouri Human Rights Act gives this Court the power to award injunctive relief. In this case, such relief is needed for full redress of defendant's unlawful actions and to prevent similar actions in the future.

**I.      Removing "Supervisor's Comments"**

The jury clearly found the "Supervisor's Comments" included in the permanent record of plaintiffs Betton and Johnson to be retaliatory in nature. Therefore, all trace of those comments should be removed from defendant's records.  This can be ensured by a mandate directing defendant to remove all copies of the "Supervisor's Comments" from plaintiffs' personnel files, and also the other myriad files maintained by management. Defendant should then certify to the Court that the removal has been accomplished. There is no reason to delay this action beyond the time necessary for defendant to review its files (and not just the official personnel files, in light of testimony that various management layers kept their own files on employees), pull the offending documents, and destroy them.

1

## II.      Defendant's Policy

The second form of injunctive relief requested goes to the heart of this litigation. The events prompting this litigation demonstrate defendant's supervisors and employees have a woefully inadequate understanding of the protections afforded employees who complain of discrimination. Defendant's "Policy Against Harassment," in evidence as Plaintiff's Exhibit 4, articulates that employees who complain of harassment or assist in harassment investigations will be protected against retaliation, but that articulation is worthless without a sound and clear method of determining when a complaint of discrimination is asserted. Testimony from defendant's supervisors established that those supervisors differentiate between "formal" and "informal" complaints of discrimination, yet under state law (and federal law, for that matter) no such distinction exists – a complaint of discrimination, formal or not, is just that. Furthermore, defendant's policy provides neither definition nor standardization as to what constitutes a "formal" complaint.

The first step in protecting employees who complain of discrimination is to make sure that the Policy protects all who complain about discrimination, regardless of the formality of that complaint. The current Policy is inadequate to the task because of its vague "Complaint Procedure" allowing such report to be made to the employee's "immediate supervisor or departmental director; the supervisor in charge of human resources or personnel within your department (if applicable); or, the Director of Personnel." The immediate supervisors, however, do not consider a complaint to be a complaint unless it is "formal," yet do not seem to be able to distinguish "formal" from "informal." There are many different vehicles used in the private sector for tracking the

reporting of discrimination, any of which are more effective than the procedure adopted by the County.

The language in the "Protection Against Retaliation" section of the Policy Against Harassment implying that if a complaint is substantiated as false, disciplinary action or penalties can be imposed on an employee, should be stricken.  There is no definition of "substantiated" or "false," and this language wrongfully implies that it is acceptable to take actions against individuals who oppose acts made unlawful under the MHRA. An employee observing discrimination might well ask himself whether he will be subject to discipline or even termination if any single aspect of his allegation proves incorrect. Also, employees make complaints based on necessarily incomplete observation, yet on good faith, properly leaving the investigation to management.

**III.    Training**

As borne out in the trial testimony, defendant's supervisors are shockingly untrained in what action to take when they become aware of a complaint of discrimination. According to trial testimony, the only training in dealing with discrimination issues consists of handing the supervisors a brochure during their initial training and encouraging the new employees to read the brochure.  To remedy this situation, plaintiffs ask the Court to order the County to require all employees, including all supervisors, regularly to attend an adequate number of hours of training on discrimination and retaliation in the workplace.  This training should be conducted by a court-approved entity, and the completion should be certified and reported to the Court.

**IV.     Conclusion**

For the foregoing reasons, plaintiffs request the Court to grant the injunctive relief set forth in their accompanying Motion.

Respectfully submitted,

s/ D. Eric Sowers
Ferne P. Wolf, 4737
D. Eric Sowers, 5009
Sowers & Wolf, LLC
530 Maryville Centre Drive, Suite 460
St. Louis, Missouri 63141
314 744-4010/314 744-4026 (fax)
es@sowerswolf.com

Rufus J. Tate, Jr., 46993
7751 Carondelet, Suite 803
St. Louis, Missouri 63105
314 726-6495/314 726-0424 (fax)
tatelawfirm@aol.com

The undersigned certifies that a copy of the foregoing was served on March 29, 2010 on the clerk of the court using the ECF system which will notify the following counsel of record of its filing: Michael A. Shuman and Robert H. Grant, Sr.

s/ D. Eric Sowers