IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Carolyn Betton, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV1455 (JCH) |
| | ) | |
| St. Louis County, Missouri, | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiffs' Response to Order to Show Cause Relating to Bill of Costs**

This is in response to the court's Order to Show Cause with respect to the Bill of Costs submitted on behalf of plaintiffs. Below is the explanation of which costs were incurred by whom and how the money would be applied.

Plaintiffs' counsel believed there could be only one "Bill of Costs" submitted by the prevailing parties and therefore, submitted the Bill of Costs with the intent to distribute proceeds to the persons who incurred the costs, if they had not already been reimbursed. In the process of preparing the Bill of Costs, counsel attempted to discern what costs were expended, by whom, and what had been reimbursed.

**I.   Filing Fees**

From the electronic document history it appeared these costs were incurred by Eric Tolen; this office has no record of Mr. Tolen having been reimbursed for filing fees and from investigation it appears he was not reimbursed for the filing fees he advanced. As discussed in Exhibit 1, this office communicated to Mr. Tolen that we would submit the filing fees on the Bill of Costs and send him the money. Exhibit 1, p. 2.

## II. Deposition Costs

**A. Transcripts for plaintiffs' depositions** - from the record, plaintiffs' counsel could not tell how these costs had been handled; the transcripts showed that Midwest Litigation was the court reporter. This office contacted Midwest Litigation and a representative stated Midwest Litigation had not received payment and forwarded the invoices to plaintiffs' counsel. Plaintiffs' counsel therefore submitted the invoices with the Bill of Costs with the intent to turn proceeds over to Midwest Litigation should such costs be awarded. Exhibits 1 and 3.

Plaintiff withdraws the request for shipping and handling in connection with these depositions.

With regard to the deposition of Cytoys Durham, in particular, plaintiffs are seeking the cost because defendant took Ms. Durham's deposition and there is no indication defendant would not have taken Ms. Durham's deposition even if she had not been a party to this litigation. Ms. Durham was present for the meeting with Phillip Muehlheausler as well as the meeting with Robert Peterson. Thus, if defendant had not taken Durham's deposition, plaintiffs would have taken Durham's deposition, considering she would have been the only disinterested person present at both meetings.

**B. Depositions of Peterson, Losing, Edison, Suddarth, Blunt, Muehlheausler, Surgener, Farmer, Leahy**

These costs were incurred by Sowers & Wolf, LLC and proceeds, to the extent Sowers & Wolf has not already paid the reporter, will be turned over to the court reporter.

## II. Copying Costs

The copying costs are only for the costs incurred by Sowers & Wolf. The rate charged for the photocopies was .20/page. Exhibit 2, ¶ 8.

Because of the limitation in our software, we are unable to state precisely when the copy

2

code was assigned to Betton, but it was not have been prior to the time Sowers & Wolf arranged for the first meeting with the plaintiffs, since Sowers & Wolf did not know of the women before that time. The first meeting was March 19, 2009. The number of copies was calculated as of the printout, March 24, 2010. The software on the photocopier does not track the date of each copy. Exhibit 4.

The largest number of copies are associated with two projects - when defense counsel left boxes of documents with Sowers & Wolf - explaining that these were not for Sowers & Wolf to keep, but rather that the boxes had to be returned. The first project was done in late May-early June, 2009, when this office received a box of documents, "Box 86279" from counsel for defendant. Defendant had not previously responded to Plaintiff's First Request for Production (served September 12, 2006, according to the Certificate of Service); in attempting to work out the issue and establish a universe of documents produced, defendant delivered Box 86279 to Sowers & Wolf. The need for and the process itself is explained in Exhibit 2, ¶ 2. The other large copying job is associated with a large group of documents defense counsel delivered to this office, as explained in Exhibit 2, ¶ 3 and Exhibit 4, ¶ 4. The remaining copies were for exhibits, discovery requests, correspondence, and other items needed for this case. Exhibit 2, ¶ ¶ 5, 6.

Copying documents defendant delivered to this office for review (in other words, we were not given the documents to keep) in connection with this case was necessary - defendant did not identify which of the produced documents it was going to use so, at the time, counsel could not pick which documents to copy before having to return the boxes to defense counsel. Copies of documents defendant delivered in 2009 (Box 86279) were used not only by plaintiffs, but defendant used them as well; choosing to identify as trial exhibits the versions of documents which plaintiff had copied and numbered. Exhibit 2, ¶ 2.

        <u>s/ Ferne P. Wolf</u>
        Ferne P. Wolf, 4737
        D. Eric Sowers, 5009
        Sowers & Wolf, LLC
        530 Maryville Centre Drive, Suite 460
        St. Louis, Missouri 63141
        314 744-4010/314 744-4026 (fax)
        [fw@sowerswolf.com](mailto:fw@sowerswolf.com)

        Rufus J. Tate, Jr., 56733
        7751 Carondelet, Suite 803
        St. Louis, Missouri 63105
        314 726-6495/314 726-0424 (fax)
        tatelawfirm@aol.com

The undersigned certifies that a copy of the foregoing was served on May 13, 2010 on the clerk of the court using the ECF system which will notify the following counsel of record of its filing: Michael A. Shuman and Robert H. Grant, Sr.

        <u>s/Ferne P. Wolf</u>

4