UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN BETTON, et al., | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:05CV01455 JCH |
| ST. LOUIS COUNTY, | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon Plaintiffs' Bill of Costs. (Doc. No. 125). This matter is fully briefed and ready for disposition.[1]

**A.  Background**

On March 9, 2010, a jury granted judgment in favor of Plaintiffs Carolyn Betton, Colette Howard, Jurlean Johnson and Charlene King on their Missouri Commission on Human Rights ("MCHR") claims, and in favor of Defendant on Cytoys Durham's MCHR claim. (Doc. Nos. 117, 120). On March 26, 2010, Plaintiffs filed this Bill of Costs seeking $3,741.65 in costs. (Doc. No. 125).[2]

**B.  Standard of Review**

---

[1] The Court issued an Order to Show Cause regarding why Plaintiffs were entitled to some of the costs listed in their Bill of Costs (Doc. No. 140). Plaintiffs responded to this Order and Plaintiffs' Bill of Costs is ready for disposition.

[2] Plaintiffs' Bill of Costs was filed by Ferne P. Wolf, of Sowers and Wolf, LLC. At trial, Plaintiffs were represented by counsel from Sowers & Wolf, LLC and Rufus Tate, of Tate Law Firm, L.L.C.. The Court refers to these firms collectively as "Plaintiffs' counsel." Plaintiff was formerly represented by Eric Tolen, of Tolen Law Offices, and the Court refers to him separately as Mr. Tolen.

Costs other than attorneys' fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d); see also 28 U.S.C. § 1920 (enumerating costs that are recoverable).[3]  "Federal courts are bound by the limitations set out in section 1920." 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007) (citations omitted). Although there is a presumption that the prevailing party is entitled to its costs, the district court has "substantial discretion" in awarding costs. Marmo v. Tyson Fresh Meats, 457 F.3d 748, 762 (8th Cir. 2006) (citing Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000)); Bathke v. Casey's Gen. Stores, 64 F.3d 340, 347 (8th Cir. 1995). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'" 168th & Dodge, LP, 501 F.3d at 958 (quoting Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005)).

**C.    Discussion[4]**

　　　　1.    Costs Incurred by Eric Tolen

Plaintiffs requested fees of the clerk in the amount of $705.00. These fees included the civil filing fee in the District Court ($250.00) and the notice of appeal in the Eighth Circuit ($455.00). The Court's electronic filing system indicates that Eric Tolen filed these documents and, presumably, paid

---

[3]28 U.S.C. § 1920 provides:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

[4]There is no dispute that Plaintiffs are entitled to costs for fees for witnesses in the amount of $146.00.

the fee. Plaintiffs' counsel claims that there is no record that Mr. Tolen was reimbursed for these filing fees. Plaintiffs's counsel states that they offered to submit the filing fees paid by Mr. Tolen on Plaintiffs' Bill of Costs and send Mr. Tolen the money received. (Plaintiffs' Response to Order to Show Cause Relating to Bill of Costs ("Response"), Doc. No. 144, p. 1). No evidence indicates that Mr. Tolen responded to Plaintiffs' counsel's offer. The Court cannot award costs incurred by Mr. Tolen to Plaintiffs' counsel, absent an agreement for that arrangement. The Court denies the costs for the filing fees, without prejudice.

2. Deposition Costs

Plaintiffs' counsel requests the Court award them costs for the transcripts of Plaintiffs' depositions, even though those depositions occurred prior to their entry into this case. Plaintiffs' counsel claims that Mr. Tolen never paid Midwest Litigation for deposition services and that, upon payment from the Court, Plaintiffs' counsel will reimburse Midwest Litigation for the deposition fees. (Response, p. 2). Plaintiffs' counsel has not provided any agreement with either Mr. Tolen or Midwest Litigation demonstrating their agreement to this arrangement. Although the Court appreciates Plaintiffs' efforts to compensate a third party, the Court cannot award costs to Plaintiffs' counsel because they did not incur the requested costs and they have not provided a sufficient basis for recovering these costs.

3. Shipping and Handling Fees

Plaintiffs have withdrawn their request for shipping and handling fees for the depositions costs, as they are not recoverable costs under the statute. EEOC v. Con-Way Freight, Inc., No. 4:07-CV-1638, 2010 U.S. Dist. LEXIS 12097, at *6 (E.D. Mo. Feb. 11, 2010) (deducting delivery expenses because they are not taxable).

4. Copy and Exemplification Fees

Copy and exemplification fees may be awarded if the fees were incurred for items "necessarily obtained" for use in the case. 28 U.S.C. § 1920(4). In its Order to Show Cause, the Court expressed concern because Plaintiffs' Bill of Costs did not provide information regarding the rate for the copies, the dates the copies were made or the items copied. In their Response, Plaintiffs identified the rate charged for photocopies and the types of materials that were copied. "While the prevailing party is not expected to provide a detailed description of every piece of paper copied, it is expected to provide the best breakdown of the copied material obtainable from its records." Montgomery County v. Microvote Corp., No. 97-6331, 2004 U.S. Dist. LEXIS 8611, at *27 (E.D. Pa. May 13, 2004) (citations omitted).

The Court holds that Plaintiffs have provided sufficient information to support an award for copying costs, particularly given that Defendant did not file an objection to Plaintiffs' costs. This Court awards Plaintiffs costs for exemplification and copies of papers necessarily obtained for use in this case in the amount of $827.40.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Bill of Costs (Doc. No. 125) is **DENIED** in part and **GRANTED** in part.

**IT IS HEREBY FURTHER ORDERED** that costs are taxed against Defendant and in favor of Plaintiffs in the amount of $2,445.65.

Dated this 14th day of May, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE